UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

KEVIN EMERICK, )
　　　　　　　　　　　　　　　　　)
　　　Plaintiff, )
　　　　　　　　　　　　　　　　　) Cause No. 3:13-cv-00018-DRH-PMF
v. )
　　　　　　　　　　　　　　　　　) JURY TRIAL REQUESTED
LINCOLN TRAIL COLLEGE, )
ILLINOIS EASTERN COMMUNITY )
COLLEGES DISTRICT NO. 529, and )
BOARD OF TRUSTEES OF )
COMMUNITY COLLEGE DISTRICT )
NO. 529, )
　　　　　　　　　　　　　　　　　)
　　　Defendants. )

## COMPLAINT

### COUNT ONE
### (Title VII - Retaliation)

　　　COMES NOW Plaintiff, Kevin Emerick, by and through his undersigned attorneys, John J. Hopkins & Associates, P.C., and for Count I of his Complaint against Defendant, Lincoln Trail College, states and alleges as follows:

　　　1)　This action is brought pursuant to the Civil Rights Act of 1964; 42 U.S.C. §2000e-2(a), as amended.

　　　2)　Jurisdiction is properly invoked in this Court pursuant to 28 U.S.C. §1331 (Federal Question Jurisdiction).

　　　3)　Plaintiff filed a timely charge of discrimination with the EEOC asserting discrimination and retaliation claims; and

    a.    Plaintiff received a Notice of Right to Sue from the EEOC (attached); and

    b.    Plaintiff has filed this suit within 90 days of receipt of the EEOC Notice of Right to Sue.

4)    That relief including past and future lost wages, compensatory and punitive damages, and all other authorized damages designed to make Plaintiff whole are sought. Plaintiff also seeks attorneys' fees, expenses and costs consistent with the Civil Rights Act of 1964, as amended.

5)    Venue is proper in this judicial district as the unlawful employment practices alleged were committed within this judicial district. Plaintiff is a resident and citizen of the State of Illinois.

6)    Plaintiff began employment with Defendant in July of 2010 as Head Men's Basketball Coach.

7)    Defendant employed Plaintiff at its location in Robinson, Illinois.

8)    That but for Defendant's illegal discrimination, Plaintiff would have continued to work for Defendant in the City of Robinson, in the State of Illinois, as and in consistent with his prior position.

9)    That at all times from July of 2010 until the present, Plaintiff was able to perform the essential functions of the position of Head Men's Basketball Coach.

10)    That on January 17, 2012, Plaintiff was fired from his job as Head Men's Basketball Coach.

11) Prior to January 17, 2012, Defendant had discriminated against black athletes, in favor of white athletes; that Plaintiff had repeatedly complained about this discriminatory scheme, to various parties and authorities with Defendant; that further, Plaintiff was in the zone of interest protected by law in this regard.

12) That the discrimination took the form of preferential treatment for white athletes in housing and maintenance allowance, as well as other differential aspects of treatment based solely on race.

13) Defendant in violation of Civil Rights Act of 1964, as amended, discriminated against Plaintiff in retaliation for his complaints by firing him as Head Men's Basketball Coach.

14) Defendant's conduct in intentionally discriminating against Plaintiff in retaliation for his repeated complaints on behalf of student athletes herein was willful and intentional, and punitive damages are warranted in this matter, as a result of the total disregard for the rights of the Plaintiff.

15) Plaintiff continues to experience emotional distress, humiliation, embarrassment and emotional pain as a direct and proximate result of Defendant's violations of Title VII of the Civil Rights Act of 1964, as amended.

16) As a direct and proximate result of Defendant's violations of Title VII of the Civil Rights Act of 1964, as amended, and the discrimination against Plaintiff through retaliation, Plaintiff has incurred liability for attorney's fees, costs and expenses in pursuing this matter, and pursuant to statute, is entitled to recovery of said fees, costs and expenses.

Emerick v. Lincoln Trail College, et al
3:13-cv-00018-DRH-PMF

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Award Plaintiff lost wages, benefits and other compensation proximately caused by Defendant's illegal and discriminatory conduct;

b. Award Plaintiff compensatory and punitive damages in excess of $75,000.00;

c. Award Plaintiff her reasonable costs, expenses, expert fees and attorney's fees; and

d. Award such other and additional relief as this Court deems proper and just.

DATED this 7th day of January, 2013.

Respectfully submitted,

JOHN J. HOPKINS & ASSOCIATES, P.C.

/s/ John J. Hopkins
John J. Hopkins (#01258192)
500 E. 6th Street
P.O. Box 595
Alton, IL 62002
(618) 655-9600 Phone
(618) 655-9690 Fax
COUNSEL FOR PLAINTIFFS

## COUNT TWO
## (Section 1983)

COMES NOW Plaintiff, Kevin Emerick, by and through his undersigned attorneys, John J. Hopkins & Associates, P.C., and for Count I of his Complaint against Defendant, Lincoln Trail College, states and alleges as follows:

1) This action is brought pursuant to the 42 U.S.C. 1983.

2) Jurisdiction is properly invoked in this Court pursuant to 28 U.S.C. §1331 (Federal Question Jurisdiction).

3) Plaintiff filed a timely charge of discrimination with the EEOC asserting discrimination and retaliation claims; and

    a. Plaintiff received a Notice of Right to Sue from the EEOC (attached); and

    b. Plaintiff has filed this suit within 90 days of receipt of the EEOC Notice of Right to Sue.

4) That relief including past and future lost wages, compensatory and punitive damages, and all other authorized damages designed to make Plaintiff whole are sought. Plaintiff also seeks attorneys' fees, expenses and costs consistent with the Civil Rights Act of 1964, as amended.

5) Venue is proper in this judicial district as the unlawful employment practices alleged were committed within this judicial district. Plaintiff is a resident and citizen of the State of Illinois.

Emerick v. Lincoln Trail College, et al
3:13-cv-00018-DRH-PMF

6) Plaintiff began employment with Defendant in July of 2010 as Head Men's Basketball Coach.

7) Defendant employed Plaintiff at its location in Robinson, Illinois.

8) That but for Defendant's illegal discrimination, Plaintiff would have continued to work for Defendant in the City of Robinson, in the State of Illinois, as and in consistent with his prior position.

9) That at all times from July of 2010 until the present, Plaintiff was able to perform the essential functions of the position of Head Men's Basketball Coach.

10) That on January 17, 2012, Plaintiff was fired from his job as Head Men's Basketball Coach.

11) Prior to January 17, 2012, Defendant had discriminated against black athletes, in favor of white athletes; that Plaintiff had repeatedly complained about this discriminatory scheme, to various parties and authorities with Defendant; that further, Plaintiff was in the zone of interest protected by law in this regard.

12) That the discrimination took the form of preferential treatment for white athletes in housing and maintenance allowance, as well as other differential aspects of treatment based solely on race.

13) Defendant in violation of 42 U.S.C. 1983, under the color of law of the State of Illinois deprived Plaintiff of his property rights of employment in violation of the Fourteenth Amendment to the United States Constitution by firing him as Head Men's Basketball Coach.

14) Defendant's conduct in intentionally discriminating against Plaintiff in retaliation for his repeated complaints on behalf of student athletes herein was willful and intentional, and punitive damages are warranted in this matter, as a result of the total disregard for the rights of the Plaintiff.

15) Plaintiff continues to experience emotional distress, humiliation, embarrassment as a direct and proximate result of Defendant's violations of 42 U.S.C. 1983.

16) As a direct and proximate result of Defendant's violations of 42 U.S.C. 1983, and the discrimination against Plaintiff through retaliation, Plaintiff has incurred liability for attorney's fees, costs and expenses in pursuing this matter, and pursuant to statute, is entitled to recovery of said fees, costs and expenses.

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Award Plaintiff lost wages, benefits and other compensation proximately caused by Defendant's illegal and discriminatory conduct;

b. Award Plaintiff compensatory and punitive damages in excess of $75,000.00;

c. Award Plaintiff her reasonable costs, expenses, expert fees and attorney's fees; and

d. Award such other and additional relief as this Court deems proper and just.

DATED this 7th day of January, 2013.

Respectfully submitted,

JOHN J. HOPKINS & ASSOCIATES, P.C.

/s/ John J. Hopkins
John J. Hopkins (#01258192)
500 E. 6th Street
P.O. Box 595
Alton, IL 62002
(618) 655-9600 Phone
(618) 655-9690 Fax
COUNSEL FOR PLAINTIFFS

## COUNT THREE
### (Title VII - Retaliation)

COMES NOW Plaintiff, Kevin Emerick, by and through his undersigned attorneys, John J. Hopkins & Associates, P.C., and for Count I of his Complaint against Defendant, Illinois Eastern Community Colleges District No. 529, states and alleges as follows:

1) This action is brought pursuant to the Civil Rights Act of 1964; 42 U.S.C. §2000e-2(a), as amended.

2) Jurisdiction is properly invoked in this Court pursuant to 28 U.S.C. §1331 (Federal Question Jurisdiction).

3) Plaintiff filed a timely charge of discrimination with the EEOC asserting discrimination and retaliation claims; and

    a. Plaintiff received a Notice of Right to Sue from the EEOC (attached); and

Emerick v. Lincoln Trail College, et al

    b.    Plaintiff has filed this suit within 90 days of receipt of the EEOC Notice of Right to Sue.

4)    That relief including past and future lost wages, compensatory and punitive damages, and all other authorized damages designed to make Plaintiff whole are sought. Plaintiff also seeks attorneys' fees, expenses and costs consistent with the Civil Rights Act of 1964, as amended.

5)    Venue is proper in this judicial district as the unlawful employment practices alleged were committed within this judicial district. Plaintiff is a resident and citizen of the State of Illinois.

6)    Plaintiff began employment with Defendant in July of 2010 as Head Men's Basketball Coach.

7)    Defendant employed Plaintiff at its location in Robinson, Illinois.

8)    That but for Defendant's illegal discrimination, Plaintiff would have continued to work for Defendant in the City of Robinson, in the State of Illinois, as and in consistent with his prior position.

9)    That at all times from July of 2010 until the present, Plaintiff was able to perform the essential functions of the position of Head Men's Basketball Coach.

10)    That on January 17, 2012, Plaintiff was fired from his job as Head Men's Basketball Coach.

11)    Prior to January 17, 2012, Defendant had discriminated against black athletes, in favor of white athletes; that Plaintiff had repeatedly complained about this discriminatory

Emerick v. Lincoln Trail College, et al

scheme, to various parties and authorities with Defendant; that further, Plaintiff was in the zone of interest protected by law in this regard.

12) That the discrimination took the form of preferential treatment for white athletes in housing and maintenance allowance, as well as other differential aspects of treatment based solely on race.

13) Defendant in violation of Civil Rights Act of 1964, as amended, discriminated against Plaintiff in retaliation for his complaints by firing him as Head Men's Basketball Coach.

14) Defendant's conduct in intentionally discriminating against Plaintiff in retaliation for his repeated complaints on behalf of student athletes herein was willful and intentional, and punitive damages are warranted in this matter, as a result of the total disregard for the rights of the Plaintiff.

15) Plaintiff continues to experience emotional distress, humiliation, embarrassment and emotional pain as a direct and proximate result of Defendant's violations of Title VII of the Civil Rights Act of 1964, as amended.

16) As a direct and proximate result of Defendant's violations of Title VII of the Civil Rights Act of 1964, as amended, and the discrimination against Plaintiff through retaliation, Plaintiff has incurred liability for attorney's fees, costs and expenses in pursuing this matter, and pursuant to statute, is entitled to recovery of said fees, costs and expenses.

WHEREFORE, Plaintiff respectfully requests that this Court:

    a.    Award Plaintiff lost wages, benefits and other compensation proximately caused by Defendant's illegal and discriminatory conduct;

    b.    Award Plaintiff compensatory and punitive damages in excess of $75,000.00;

    c.    Award Plaintiff her reasonable costs, expenses, expert fees and attorney's fees; and

    d.    Award such other and additional relief as this Court deems proper and just.

DATED this 7th day of January, 2013.

Respectfully submitted,

JOHN J. HOPKINS & ASSOCIATES, P.C.

/s/ John J. Hopkins
John J. Hopkins (#01258192)
500 E. 6th Street
P.O. Box 595
Alton, IL  62002
(618) 655-9600 Phone
(618) 655-9690 Fax
COUNSEL FOR PLAINTIFFS

## COUNT FOUR
## (Section 1983)

COMES NOW Plaintiff, Kevin Emerick, by and through his undersigned attorneys, John J. Hopkins & Associates, P.C., and for Count I of his Complaint against Defendant, Illinois Eastern Community Colleges District No. 529, states and alleges as follows:

1) This action is brought pursuant to the 42 U.S.C. 1983.

2) Jurisdiction is properly invoked in this Court pursuant to 28 U.S.C. §1331 (Federal Question Jurisdiction).

Emerick v. Lincoln Trail College, et al

3) Plaintiff filed a timely charge of discrimination with the EEOC asserting discrimination and retaliation claims; and

    a. Plaintiff received a Notice of Right to Sue from the EEOC (attached); and

    b. Plaintiff has filed this suit within 90 days of receipt of the EEOC Notice of Right to Sue.

4) That relief including past and future lost wages, compensatory and punitive damages, and all other authorized damages designed to make Plaintiff whole are sought. Plaintiff also seeks attorneys' fees, expenses and costs consistent with the Civil Rights Act of 1964, as amended.

5) Venue is proper in this judicial district as the unlawful employment practices alleged were committed within this judicial district. Plaintiff is a resident and citizen of the State of Illinois.

6) Plaintiff began employment with Defendant in July of 2010 as Head Men's Basketball Coach.

7) Defendant employed Plaintiff at its location in Robinson, Illinois.

8) That but for Defendant's illegal discrimination, Plaintiff would have continued to work for Defendant in the City of Robinson, in the State of Illinois, as and in consistent with his prior position.

9) That at all times from July of 2010 until the present, Plaintiff was able to perform the essential functions of the position of Head Men's Basketball Coach.

10) That on January 17, 2012, Plaintiff was fired from his job as Head Men's Basketball Coach.

11) Prior to January 17, 2012, Defendant had discriminated against black athletes, in favor of white athletes; that Plaintiff had repeatedly complained about this discriminatory scheme, to various parties and authorities with Defendant; that further, Plaintiff was in the zone of interest protected by law in this regard.

12) That the discrimination took the form of preferential treatment for white athletes in housing and maintenance allowance, as well as other differential aspects of treatment based solely on race.

13) Defendant in violation of 42 U.S.C. 1983, under the color of law of the State of Illinois deprived Plaintiff of his property rights of employment in violation of the Fourteenth Amendment to the United States Constitution by firing him as Head Men's Basketball Coach.

14) Defendant's conduct in intentionally discriminating against Plaintiff in retaliation for his repeated complaints on behalf of student athletes herein was willful and intentional, and punitive damages are warranted in this matter, as a result of the total disregard for the rights of the Plaintiff.

15) Plaintiff continues to experience emotional distress, humiliation, embarrassment as a direct and proximate result of Defendant's violations of 42 U.S.C. 1983.

16) As a direct and proximate result of Defendant's violations of 42 U.S.C. 1983, and the discrimination against Plaintiff through retaliation, Plaintiff has incurred liability for attorney's fees, costs and expenses in pursuing this matter, and pursuant to statute, is entitled to recovery of said fees, costs and expenses.

Emerick v. Lincoln Trail College, et al

WHEREFORE, Plaintiff respectfully requests that this Court:

    a.    Award Plaintiff lost wages, benefits and other compensation proximately caused by Defendant's illegal and discriminatory conduct;

    b.    Award Plaintiff compensatory and punitive damages in excess of $75,000.00;

    c.    Award Plaintiff her reasonable costs, expenses, expert fees and attorney's fees; and

    d.    Award such other and additional relief as this Court deems proper and just.

DATED this 7th day of January, 2013.

Respectfully submitted,

JOHN J. HOPKINS & ASSOCIATES, P.C.

/s/ John J. Hopkins
John J. Hopkins (#01258192)
500 E. 6th Street
P.O. Box 595
Alton, IL   62002
(618) 655-9600 Phone
(618) 655-9690 Fax
COUNSEL FOR PLAINTIFFS

## COUNT FIVE
### (Title VII - Retaliation)

COMES NOW Plaintiff, Kevin Emerick, by and through his undersigned attorneys, John J. Hopkins & Associates, P.C., and for Count I of his Complaint against Defendant, Board of Trustees of Community College District No. 529, states and alleges as follows:

Emerick v. Lincoln Trail College, et al

1) This action is brought pursuant to the Civil Rights Act of 1964; 42 U.S.C. §2000e-2(a), as amended.

2) Jurisdiction is properly invoked in this Court pursuant to 28 U.S.C. §1331 (Federal Question Jurisdiction).

3) Plaintiff filed a timely charge of discrimination with the EEOC asserting discrimination and retaliation claims; and

  a. Plaintiff received a Notice of Right to Sue from the EEOC (attached); and

  b. Plaintiff has filed this suit within 90 days of receipt of the EEOC Notice of Right to Sue.

4) That relief including past and future lost wages, compensatory and punitive damages, and all other authorized damages designed to make Plaintiff whole are sought. Plaintiff also seeks attorneys' fees, expenses and costs consistent with the Civil Rights Act of 1964, as amended.

5) Venue is proper in this judicial district as the unlawful employment practices alleged were committed within this judicial district. Plaintiff is a resident and citizen of the State of Illinois.

6) Plaintiff began employment with Defendant in July of 2010 as Head Men's Basketball Coach.

7) Defendant employed Plaintiff at its location in Robinson, Illinois.

8) That but for Defendant's illegal discrimination, Plaintiff would have continued to work for Defendant in the City of Robinson, in the State of Illinois, as and in consistent with his prior position.

Emerick v. Lincoln Trail College, et al

9) That at all times from July of 2010 until the present, Plaintiff was able to perform the essential functions of the position of Head Men's Basketball Coach.

10) That on January 17, 2012, Plaintiff was fired from his job as Head Men's Basketball Coach.

11) Prior to January 17, 2012, Defendant had discriminated against black athletes, in favor of white athletes; that Plaintiff had repeatedly complained about this discriminatory scheme, to various parties and authorities with Defendant; that further, Plaintiff was in the zone of interest protected by law in this regard.

12) That the discrimination took the form of preferential treatment for white athletes in housing and maintenance allowance, as well as other differential aspects of treatment based solely on race.

13) Defendant in violation of Civil Rights Act of 1964, as amended, discriminated against Plaintiff in retaliation for his complaints by firing him as Head Men's Basketball Coach.

14) Defendant's conduct in intentionally discriminating against Plaintiff in retaliation for his repeated complaints on behalf of student athletes herein was willful and intentional, and punitive damages are warranted in this matter, as a result of the total disregard for the rights of the Plaintiff.

15) Plaintiff continues to experience emotional distress, humiliation, embarrassment and emotional pain as a direct and proximate result of Defendant's violations of Title VII of the Civil Rights Act of 1964, as amended.

Emerick v. Lincoln Trail College, et al

16) As a direct and proximate result of Defendant's violations of Title VII of the Civil Rights Act of 1964, as amended, and the discrimination against Plaintiff through retaliation, Plaintiff has incurred liability for attorney's fees, costs and expenses in pursuing this matter, and pursuant to statute, is entitled to recovery of said fees, costs and expenses.

WHEREFORE, Plaintiff respectfully requests that this Court:

    a. Award Plaintiff lost wages, benefits and other compensation proximately caused by Defendant's illegal and discriminatory conduct;

    b. Award Plaintiff compensatory and punitive damages in excess of $75,000.00;

    c. Award Plaintiff her reasonable costs, expenses, expert fees and attorney's fees; and

    d. Award such other and additional relief as this Court deems proper and just.

DATED this 7th day of January, 2013.

Respectfully submitted,

JOHN J. HOPKINS & ASSOCIATES, P.C.

/s/ John J. Hopkins
John J. Hopkins (#01258192)
500 E. 6th Street
P.O. Box 595
Alton, IL 62002
(618) 655-9600 Phone
(618) 655-9690 Fax
COUNSEL FOR PLAINTIFFS

Emerick v. Lincoln Trail College, et al

## COUNT SIX
## (Section 1983)

COMES NOW Plaintiff, Kevin Emerick, by and through his undersigned attorneys, John J. Hopkins & Associates, P.C., and for Count I of his Complaint against Defendant, Board of Trustees of Community College District No. 529, states and alleges as follows:

1) This action is brought pursuant to the 42 U.S.C. 1983.

2) Jurisdiction is properly invoked in this Court pursuant to 28 U.S.C. §1331 (Federal Question Jurisdiction).

3) Plaintiff filed a timely charge of discrimination with the EEOC asserting discrimination and retaliation claims; and

    a. Plaintiff received a Notice of Right to Sue from the EEOC (attached); and

    b. Plaintiff has filed this suit within 90 days of receipt of the EEOC Notice of Right to Sue.

4) That relief including past and future lost wages, compensatory and punitive damages, and all other authorized damages designed to make Plaintiff whole are sought. Plaintiff also seeks attorneys' fees, expenses and costs consistent with the Civil Rights Act of 1964, as amended.

5) Venue is proper in this judicial district as the unlawful employment practices alleged were committed within this judicial district. Plaintiff is a resident and citizen of the State of Illinois.

6) Plaintiff began employment with Defendant in July of 2010 as Head Men's Basketball Coach.

Emerick v. Lincoln Trail College, et al

7) Defendant employed Plaintiff at its location in Robinson, Illinois.

8) That but for Defendant's illegal discrimination, Plaintiff would have continued to work for Defendant in the City of Robinson, in the State of Illinois, as and in consistent with his prior position.

9) That at all times from July of 2010 until the present, Plaintiff was able to perform the essential functions of the position of Head Men's Basketball Coach.

10) That on January 17, 2012, Plaintiff was fired from his job as Head Men's Basketball Coach.

11) Prior to January 17, 2012, Defendant had discriminated against black athletes, in favor of white athletes; that Plaintiff had repeatedly complained about this discriminatory scheme, to various parties and authorities with Defendant; that further, Plaintiff was in the zone of interest protected by law in this regard.

12) That the discrimination took the form of preferential treatment for white athletes in housing and maintenance allowance, as well as other differential aspects of treatment based solely on race.

13) Defendant in violation of 42 U.S.C. 1983, under the color of law of the State of Illinois deprived Plaintiff of his property rights of employment in violation of the Fourteenth Amendment to the United States Constitution by firing him as Head Men's Basketball Coach.

14) Defendant's conduct in intentionally discriminating against Plaintiff in retaliation for his repeated complaints on behalf of student athletes herein was willful and intentional, and punitive damages are warranted in this matter, as a result of the total disregard for the rights of

Emerick v. Lincoln Trail College, et al

the Plaintiff.

15) Plaintiff continues to experience emotional distress, humiliation, embarrassment as a direct and proximate result of Defendant's violations of 42 U.S.C. 1983.

16) As a direct and proximate result of Defendant's violations of 42 U.S.C. 1983, and the discrimination against Plaintiff through retaliation, Plaintiff has incurred liability for attorney's fees, costs and expenses in pursuing this matter, and pursuant to statute, is entitled to recovery of said fees, costs and expenses.

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Award Plaintiff lost wages, benefits and other compensation proximately caused by Defendant's illegal and discriminatory conduct;

b. Award Plaintiff compensatory and punitive damages in excess of $75,000.00;

c. Award Plaintiff her reasonable costs, expenses, expert fees and attorney's fees; and

d. Award such other and additional relief as this Court deems proper and just.

DATED this 7th day of January, 2013.

Respectfully submitted,

JOHN J. HOPKINS & ASSOCIATES, P.C.

/s/ John J. Hopkins
John J. Hopkins (#01258192)
500 E. 6th Street
P.O. Box 595
Alton, IL 62002
(618) 655-9600 Phone
(618) 655-9690 Fax
COUNSEL FOR PLAINTIFFS